```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ALFREDO SATO-AVITIA,           )
          Petitioner,          )
                               )   C.A. No. 04-40171-JLT
     v.                        )
                               )
DAVID L. WINN, Warden,         )
          Respondent.          )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed.

FACTS

On August 25, 2004, petitioner Alfredo Sato-Avitia, an inmate at FMC Devens, filed a petition for a writ of habeas corpus under Section 2241, along with an application to proceed without prepayment of the filing fee. The application to proceed without prepayment of the filing fee will be granted in a separate order.

As far as can be discerned from the vague allegations in the petition, it appears that petitioner intends to challenge a sentence imposed on him by the United States District Court for the Western District of Texas. Specifically, petitioner states that the first basis for the instant petition is "Each Ground Prior Presented To The Federal Courts Relating To Petitioners Criminal Case." Petition p. 2. The petition provides little further information regarding the basis for petitioner's claims. It vaguely refers to "the complete

federal court and other records," presumably a reference to his criminal trial and/or to two prior § 2241 petitions previously filed by petitioner and dismissed by this Court.[1] Petitioner sets forth no further specific information regarding the legal basis for the instant petition.

## ANALYSIS

I. The Court May Screen This Action Pursuant to the Rules Governing Habeas Proceedings

Although petitioner brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the

---

[1] Petitioner filed a previous § 2241 petition in this Court, C.A. No. 04-40062-WGY, challenging the same conviction and the sentence imposed therefor. In that petition, petitioner claimed, among other things, that: (1) the sentencing court lacked jurisdiction to impose the sentence; (2) that he received a lengthier sentence in exchange for his guilty plea than was proper; and (3) there were general improprieties in other aspects of the manner in which he was convicted and sentenced. That action was dismissed on June 3, 2004 (Docket No. 5). Petitioner has appealed from that order.
   The Court's records also reflect that a copy of petitioner's original § 2241 petition was inadvertently opened as a new action, C.A. No. 04-40076-WGY. That action was dismissed on June 6, 2004. Petitioner has also appealed from that order.

district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

II.  A Section 2241 Petition May Not Be Used To Challenge A Sentence

To the extent that petitioner seeks to challenge the sentence imposed by the United States District Court for the Western District of Texas, a petition pursuant to § 2241 is not the proper avenue for challenging a federal sentence. Rather, a motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"). A motion pursuant to § 2255 encompasses claims (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence

was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; see Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In contrast, a petition filed pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions.  See United States v. Barrett, 178 F.3d 34, 50 n. 10 (petitions pursuant to § 2241 generally attack the execution of a sentence); accord Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same); cf. Gonzalez v. United States, 150 F. Supp. 2d 236, 242 (D. Mass. 2001) (§ 2241 petition is not the "appropriate vehicle" to challenge a sentence).

In this case, petitioner does not appear to challenge the manner, location, or conditions of his sentence.  Even generously construed, at best it appears that he is attempting

to challenge some unspecified aspect of the imposition of his sentence, which is generally within the domain of a motion brought under Section 2255. If petitioner's claims are viable at all, his avenue of relief is only through Section 2255. Gonzalez v. United States, 150 F. Supp. 2d at 242. Accordingly, the petition is not appropriately brought under Section 2241, and it is therefore subject to dismissal.

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus under Section 2241 is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>September</u>, 2004.

<u>s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE